UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER J. PLUMMER and
LISA PLUMMER,

                                        Plaintiff,

v.

APEX TOOL GROUP, LLC f/k/a and as
successor in interest to Cooper Tools, Inc.,
Cooper Power Tools, Inc., Cooper Tools, LLC,
Cooper Industries, Inc., and/or Danaher
Corporation, DANAHER CORPORATION,
COOPER POWER TOOLS, INC., COOPER
TOOLS, INC., COOPER TOOLS, LLC,
COOPER INDUSTRIES, INC., SAINT-GOBAIN
ABRASIVES, INC., and DXP ENTERPRISES,
INC., d/b/a Kenneth Crosby, a DXP Company
f/k/a and as successor in interest to Kenneth
Crosby,

                                        Defendants.
_____

**REPORT AND
RECOMMENDATION**

14-CV-01009-WMS-JJM

             This action arises from injuries sustained by plaintiff Christopher Plummer on

April 28, 2011 while operating an air grinder manufactured by defendants Apex Tool Group,

LLC, Cooper Tools, Inc., Cooper Power Tools, Inc., Cooper Tools, LLC, Cooper Industries, Inc.,

Danaher Corporation (collectively "Apex"), whicht contained a grinding wheel manufactured by

defendant Saint-Gobain Abrasives, Inc. ("Saint-Gobain").  Complaint [1-3]. [1]  He asserts claims

for negligence, strict products liability, and breach of warranty.  Complaint [1-3]; Apex's

Statement of Facts [34-3], ¶1. [2]

_____

[1]        Bracketed references are to the CM/ECF docket entries.

[2]        The Complaint also names DXP Enterprises, Inc. as a defendant, but it has not appeared in this
action.  *See* Apex's Statement of Facts [34-3], ¶4.

Before me are the unopposed motions of defendants Apex and Saint-Gobain for summary judgment pursuant to Fed. R. Civ. P. ("Rule") 56 [34, 38]. These motions, being dispositive, have been referred to me by Hon. William M. Skretny for a Report and Recommendation [35]. For the following reasons, I recommend that the motions be granted.

## BACKGROUND

Plaintiff was injured in course of his employment at the Dresser-Rand Company when the grinding wheel attached to the air grinder he was using allegedly broke apart. Saint-Gobain's Statement of Undisputed Material Facts [38-15], ¶4.[3] He alleges that the air grinder and grinding wheel were each defectively designed. Saint-Gobain's Statement of Undisputed Material Facts [38-15], ¶7; Apex's Statement of Facts [34-3], ¶7.

It is undisputed that at the time of the accident, the air grinder contained a warning that it had a maximum speed of 18,000 RPM, while the grinding wheel contained a warning that it was rated at a maximum of 15,280 RPM. Saint-Gobain's Statement of Undisputed Material Facts [38-15], ¶13; Apex's Statement of Facts [34-3], ¶26. The grinding wheel also contained the warning "Do not use on machines with RPM ratings higher than the speed marked on the wheel", and that "failure to follow this warning may cause the wheel to break which could result in serious injury or death". Saint-Gobain's Statement of Undisputed Material Facts [38-15], ¶11. It is further undisputed that although the air grinder was missing its protective guard, plaintiff knew each time he used it that it lacked a guard, did not inquire about the missing guard, and understood that absent the guard, he would lack the protections it afforded him. Apex's Statement of Facts [34-3], ¶¶20, 23.

---

[3]    All references to "plaintiff" are to Christopher Plummer. Plaintiff Lisa Plummer asserts a derivative claim for loss of consortium. Complaint [1-3], Seventh Cause of Action.

In support of their motions, defendants rely on affidavits from their experts opining, *inter alia*, that:  1) plaintiff's injuries were solely the result of "over-speeding" the grinding wheel (Service Declaration [38-2], ¶¶23, 30); 2) the grinding wheel was manufactured at the state of the art for abrasive wheel equipment and complied with the applicable standards set by the American National Standard Institute (id., ¶¶31-33); and 3) there were no design defects with the air grinder, which met or exceeded the industry standards at the time of manufacture.  Cain Affidavit [34-2], ¶7.

My Third Amended Case Management Order required plaintiffs to serve their expert reports by December 30, 2015 ([33], ¶2), but that deadline expired without their making such disclosure or seeking an extension to do so.  In response to defendants' motions for summary judgment, plaintiffs concede that "[g]iven the facts and circumstances of the . . . accident . . . [they] have been unable to retain an expert to provide support for the[ir] . . . causes of action . . . . nor offer substantive opposition to the . . . Motion[s] for Summary Judgment".  Krull Affidavits [37, 40], ¶3.

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."  Vermont Teddy Bear Co., Inc. v. 1–800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004); Jackson v. Federal Express, 766 F.3d 189, 194 (2d Cir. 2014) ("Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion . . . is unopposed").

## ANALYSIS

"Because this is a diversity case, we apply state substantive law . . .  and federal procedural law."  In re Fosamax Products Liability Litigation, 707 F.3d 189, 193 (2d Cir. 2013).

There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim". <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (emphasis in original).  Instead, once discovery is complete (as in this case), the moving party need merely "demonstrat[e] that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim".  <u>Farid v. Smith</u>, 850 F.2d 917, 924 (2d Cir. 1988).

Defendants argue, *inter alia*, that they are entitled to summary judgment since each of plaintiffs' causes of action require expert testimony supporting that the devices were defective - evidence which plaintiffs cannot provide.  Apex's Memorandum of Law [34-4], p. 3 of 4; Saint-Gobain's Memorandum of Law [38-1], pp. 2-3.  I agree.  "Essential to [claims of negligence, strict products liability and breach of warranty] is that plaintiff demonstrate that the product was defective."  <u>Smith v. Herman Miller, Inc.</u>, 2005 WL 3501883, *2 (E.D.N.Y. 2005).  Here, plaintiffs offer no evidence of a defect to either the air grinder or the grinding wheel by expert opinion or otherwise.  "Since a defect is an element of each of plaintiff's claims, plaintiff cannot prevail on any of his specific theories of liability."  <u>Id.</u>, *3.

## CONCLUSION

For these reasons, I recommend that defendants' motions for summary judgment [34, 38] be granted.  Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by June 3, 2016 (applying the time frames set forth in  Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.  Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  May 17, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge